Rose Group Park Ave. LLC v Third Church Christ, Scientist, of New York City (2022 NY Slip Op 04113)

Rose Group Park Ave. LLC v Third Church Christ, Scientist, of New York City

2022 NY Slip Op 04113

Decided on June 23, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 23, 2022

Before: Manzanet-Daniels, J.P., Webber, Gesmer, Scarpulla, Shulman, JJ. 

Index No. 651390/19 Appeal No. 16194 Case No. 2022-00944 

[*1]Rose Group Park Avenue LLC, Plaintiff-Respondent,
v
Third Church Christ, Scientist, of New York City, Defendant-Appellant.

Landy Wolf, PLLC, New York (David A. Wolf of counsel), for appellant.
Seyfarth Shaw LLP, New York (Eddy Salcedo of counsel), for respondent.

Order, Supreme Court, New York County (Jennifer Schecter, J.), entered on or about January 3, 2022, which, to the extent appealed from as limited by the briefs, denied defendant's motion for summary judgment dismissing plaintiff's claim for lost profits and for partial summary judgment declaring, on its counterclaims, that nonparty Gala-Productions LLC (Gala) is an "affiliate" of plaintiff and that it is entitled to all documents necessary to complete a full audit of plaintiff's calculation of Gross Sales and to certain rights with respect to the parties' use and occupancy of the premises, and on its counterclaim for breach of contract to recover costs for roof repairs, unanimously affirmed, with costs.
With respect to plaintiff's claim for lost profits, even assuming that the parties' lease contains a valid exculpatory clause precluding the recovery of consequential damages, plaintiff raised issues of fact as to whether defendant acted in bad faith in maintaining scaffolding around the building for more than three years (see Kalisch-Jarco, Inc. v City of New York, 58 NY2d 377, 384-385 [1983]).
Issues of fact exist as to whether Gala was plaintiff's "affiliate" within the meaning of the lease agreement. The record is inconclusive as to whether plaintiff's principal was genuinely in control of Gala. The fact that the lease does not define "affiliate" creates further ambiguity as to the scope of the term (see e.g., Banco EspÍrito Santo, S.A. v ConcessionÁria Do Rodoanel Oeste S.A., 100 AD3d 100, 105, 108 [1st Dept 2012]).
As to defendant's breach of contract counterclaim to recover roof repair costs, issues of fact exist concerning whether plaintiff defaulted under Section 5.4 of the lease by failing to make roof repairs in the first instance, as it is uncontested that the parties agreed, at least initially, that plaintiff would not have to undertake the repairs for a number of years. Further, plaintiff claims, and defendant disputes, that when plaintiff secured financing to repair the roof some years later, defendant rejected that offer because it did not want to incur interest and instead opted to undertake the repairs itself.
Defendant claims that the lease provision granting it the right to a "complete audit" of plaintiff's books and records pertaining to its "Gross Sales" also granted it the right to audit the books and records of various other businesses that work with or are associated with plaintiff. However, the term "complete audit," which is not defined in the lease, is ambiguous, and the record, including the parties' expert reports, raises factual issues as to whether defendant is entitled to review the books and records of third parties.
Numerous factual issues exist as to when and in what manner the parties were permitted to use the premises under the lease.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 23, 2022